## Supreme Lodge Knights of Pythias v. Mary Hammerl.

1.  BENEFICIARY ASSOCIATIONS—*Waiver of Forfeitures.*—Under the by-laws of the appellant in this case, this court holds that the right of forfeiture of the member's certificate for the non-payment of dues was waived.

Assumpsit, on a beneficiary certificate. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed March 12, 1901.

W. S. FORREST, B. C. BACHRACH and B. LANDON, attorneys for appellant.

JAMES B. HEFFERNAN, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This suit was brought by the appellee, widow of William C. Hammerl, deceased, to recover from appellant the sum of $1,000 agreed to be paid to her by the terms of a certain certificate of membership issued to the said deceased by the Board of Control of the Endowment Rank of the appellant. There is no question but the certificate was duly and properly issued to the husband of the appellee, or of his death, and that due proofs of his death were made. The certificate of membership was issued to Hammerl October 24, 1894, and he died April 1, 1897. He had always paid everything that was due from him as a member up to the month of February, 1897. For that month and for the month of March, he did not pay until March 29, 1897. The assessments for each of those months was $1.50, besides five cents dues, and on the last-named date he paid $3.10 for both of said months. There is some controversy as to whether that amount was paid on March 29th or on April 1st, but we think the clear weight of the evidence establishes that the payment was made on March 29th. The defense to the suit, as set up by special plea, was that the

certificate of membership became forfeited because Hammerl failed to make his monthly payments of assessments and dues for the month of February, on or before the tenth day of that month, as required by the by-laws; and reliance was placed upon section 7, article 4, of said by-laws, which, as pleaded, is as follows:

"Section 7. Monthly payments and dues of members holding certificates of endowment shall be due and payable to the secretary of the section without notice, on the first day of each and every month, and a failure to make such payment on or before the tenth day of each month shall cause, from and after such date, a forfeiture of the certificate of endowment, and all right, title and interest such member or his beneficiaries may have in and to the same, and membership shall cease absolutely. In case of such forfeiture membership may be redeemed by making application in the form prescribed for new applicants, the payment of required membership fee and surrender of the forfeited certificate. If approved by the medical examiner in chief and accepted by the Board of Control, a new certificate shall be issued and the rating shall thereafter be at the age of nearest birthday to the date of the last application."

Section 8, article 4, of the by-laws, also, is as follows:

"Section 8. When a member shall have forfeited his membership by reason of non-payment of the regular monthly payments, assessments or dues, and if within thirty days from the last day of the month in which such forfeiture accrued, it shall be made to appear to the satisfaction of the Board of Control that the forfeiture was without fault on the part of said member, the board shall have the power to cancel the same and may re-admit him at his former rating upon satisfactory evidence of good health, to be furnished at his own expense. Provided, that if the forfeiture for non-payment of the regular monthly payments, assessments· or dues has continued for a period of sixty days after notice thereof has been received at office of Board of Control, then, upon cancellation of same, and re-admission, the member shall be rated at his age at the date of such re-admission, a special form for above procedure to be furnished by the Board of Control."

Now, assuming that section 7, aforesaid, is self-executing, when considered by itself, and that under it a forfeiture resulted because the dues and assessment for February were

not paid on or before the tenth day of February, as therein provided, what effect shall be given to section 8, aforesaid, which immediately follows and supplements said section 7 ?

It is a well recognized rule of construction of all contracts that the whole of a contract shall be read and construed together. Section 8 provides for the contingency that a forfeiture of membership may have occurred for non-payment of monthly dues and assessments, as provided in section 7, and that if in such case and within thirty days from the last day of the month in which the forfeiture has happened, " it shall be made to appear to the satisfaction of the Board of Control that the forfeiture was without fault on the part of said member, the board shall have the power to cancel the same (forfeiture) and may re-admit him at his former rating, upon satisfactory evidence of good health." What such " satisfactory evidence " shall consist of is left uncertain, and for determination in each particular case. In this case it consisted of statements made by Mr. Thoma, the secretary of the section of the Endowment Rank to which Hammerl belonged, at the time he paid over to the Board of Control the money received by him from Hammerl.

He received the money April 29th at Desplaines, Cook county, and on the same day took it to the office of the Board of Control in Chicago, and there handed the money to one Faschal, who was acting for the Board of Control as a clerk, and who " always received the money." As to what there occurred Thoma's testimony is as follows :

" I went to the Board of Control and told them I wanted to reinstate Mr. Hammerl. They asked me if he was sick and I told them no, that he was a healthy man. They says 'All right, we will accept the money,' and he paid over the money, and took a receipt."

In another connection Thoma testified, speaking of other occasions :

" When I went there to pay money I did my business with Mr. Faschal. * * * He always received the money. There was a window there through which the money was paid, and Mr. Faschal sat at that window. * * * I told Mr. Faschal I would like to reinstate Mr. Hammerl,

and he asked me the question, ' Is he in good health ? ' I says ' Yes, he is; he has paid me for the month of February and the month of March.' He says ' All right,' and he accepted the money. This conversation was at the time I paid the money."

It is plain that the Board of Control got the money. Stolte, the secretary of the Board of Control, gave it back to Thoma in the month of May following, and Thoma still had it at the time of the trial.

We discover nothing in the record that impeaches in any respect the truthfulness of the transaction as described by Thoma, nor its entire good faith. For anything shown, Hammerl was a well and healthy man at the time, and may have dropped suddenly dead, at the time of his death two or three days afterward.

A course of business such as shown, ought not to constitute a good defense, because not formally adopted by the Board of Control before the member dies. Hammerl did all that he could do to reinstate himself, and did it in the regular and usual way required by the manner of doing business. The by-laws do not require any specific mode of satisfying the board that he was in good health when applying for reinstatement, and we think what was done was all that was necessary for Hammerl to do, nothing further having been requested of him.

The case appears to us a simple one, that does not require a review and citation of authorities.

The objection stated to the one instruction given at plaintiff's request is too hypercritical. It was rightly given.

If there were any occasion for speaking of the question of waiver being in the case under the pleadings, we would only refer to the circumstance that appellee's instructions recognize it as being a question for the jury.

There was no error committed by the court for refusing a continuance because of an absent witness, and we see no other point made by appellant that requires specific mention. The verdict was right and the judgment should be and is accordingly affirmed.